**DUANE MORRIS LLP**
James S. Brown (SBN 135810)
E-mail: jamesbrown@duanemorris.com
Spear Tower, One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Telephone: 415.957.3090
Facsimile: 415.723.7365

**DUANE MORRIS LLP**
Nicholas J. Ferraro (SBN 306528)
E-mail: njferraro@duanemorris.com
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone: 619.744.2200
Facsimile: 619.744.2201

Attorneys for Defendants
EQUITY RESIDENTIAL SERVICES, LLC, and
EQUITY RESIDENTIAL SERVICES II, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER VIZZA, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EQUITY RESIDENTIAL SERVICES II, LLC, a Delaware limited liability company; EQUITY RESIDENTIAL SERVICES, LLC, a Delaware limited liability company; and DOES 1 through 100,<br><br>Defendants. | Case No. 2:18-CV-003342<br><br>**NOTICE OF REMOVAL** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT**: Defendants Equity Residential Services, LLC and Equity Residential Services II, LLC (collectively, "Equity Residential") hereby remove Los Angeles County Superior Court Case No. BC693215 to this Court. This removal is based on 28 U.S.C. sections 1332, 1441, 1446 and 1453.

## I. PROCEDURAL HISTORY & VENUE

1. On February 7, 2018, Plaintiff Peter Vizza ("Plaintiff") filed a wage and hour class action complaint in Los Angeles County Superior Court against Equity Residential and Does 1 through 100.

2. Plaintiff served the Complaint on Equity Residential on March 21, 2018. The Complaint, along with all other process, pleadings, and orders served on Equity Residential (listed below) are attached hereto.

| Exhibit Number | Document |
|---|---|
| Exhibit 1 | Summons |
| Exhibit 2 | Complaint |
| Exhibit 3 | Civil Case Cover Sheet |
| Exhibit 4 | ADR Information Packet and Civil Forms |

3. The Los Angeles County Superior Court is located within the Central District of California. *See* 28 U.S.C. § 84(c). Thus, venue is proper in the Central District of California. *See* 28 U.S.C. § 1441(a).

## II. GROUNDS FOR REMOVAL

4. The Class Action Fairness Act, 28 U.S.C. § 1332(d) (CAFA) gives federal district courts original jurisdiction over class actions in which (1) the number of putative class members exceeds 100, (2) the amount in controversy exceeds $5,000,000, and (3) where any proposed class member and any defendant are citizens of different states. This class action satisfies each of these requirements.

### A. There are more than 100 putative class members.

5. First, Plaintiff's putative class includes all "current and former non-

exempt employees in California who worked in excess of 8 hours in a work day and/or in excess of 40 hours in a workweek and received Incentive Pay" from February 7, 2014 through the present date. *See* Exhibit 2, Complaint ¶ 14. This group is referred to as the "Overtime Class." *Id*.

6. Additionally, Plaintiff's putative class also includes all "current and former employees who received a wage statement which identified the employer as 'Equity Residential;'" as well as "current and former employees in California who received a wage statement which paid overtime wages but did not list the hours worked and/or the hourly rates[.]" *Id*. This group is referred to as the "Wage Statement Class." *Id*.

7. Moreover, Plaintiff's putative class consists of all members of the Overtime Class and the Wage Statement class "during the four years immediately preceding the filing of the Complaint through the present[.]" *Id*.

8. Plaintiff states that he does not know exactly how large the class is, only that "it is estimated that the members of the Classes could exceed one hundred (100) individuals." *Id*. at ¶ 16.

9. Equity Residential's review of its files shows that during the relevant time periods it had approximately 1,701 (nonexempt) individuals in the Overtime Class and approximately 1,204 (exempt and nonexempt) individuals in the Wage Statement class. Therefore, because the number of putative class members exceeds 100, this case satisfies CAFA's numerosity requirement. *See* 28 U.S.C. § 1332(d).

**B.    There is minimal diversity.**

10. Plaintiff is a resident of California. Complaint ¶ 3. CAFA's minimal diversity requirement is satisfied if any defendant is a citizen of a state other than California. 28 U.S.C. § 1332(d)(2)(A).

11. Equity Residential Services, LLC and Equity Residential Services II, LLC are both organized under the laws of the State of Delaware. The principal place of business for both entities is in Chicago, Illinois.

12. Because Equity Residential is a citizen of Delaware and Illinois, and Plaintiff a citizen of California, this case satisfies CAFA's minimal diversity requirement. *See* 28 U.S.C. § 1332(d)(2)(A).

### C. The amount in controversy exceeds $5,000,000.

13. When assessing the amount in controversy, the court must assume that the allegations of the complaint are true and that a jury will return a complete verdict in favor of the plaintiffs. *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d. 1199, 1204-05 (E.D. Cal. 2008) (*citing Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)); *see also* 28 U.S.C. § 1332(d). Consequently, "a removing defendant is *not* obligated to research, state, and prove the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (E.D. Cal. 2010).

14. Moreover, a notice of removal "need not contain evidentiary submissions," but merely a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551, 554 (2014); *see also* 28 U.S.C. § 1446(a) (notice of removal need only contain a "short and plain statement of the grounds for removal"). Notwithstanding the threshold to remove cases based on Equity Residential's assessment that the amount in controversy exceeds $5,000,000, Equity Residential provides the following overview of its calculations for the benefit of Plaintiff and the Court.

15. Plaintiff does not allege an amount in controversy. Equity Residential denies that Plaintiff—or any of the proposed class members—are entitled to any damages, penalties, or unpaid wages. Plaintiff seeks damages, penalties, and restitution on behalf of Equity Residential's approximately 1,701 (nonexempt) employees in the Overtime Class and approximately 1,204 (exempt and nonexempt) employees in the Wage Statement Class during the applicable statutory periods. Plaintiff claims that he, and all of these employees, are entitled to unpaid overtime

1  wages, penalties for noncompliant wage statements, UCL damages, pre-judgment
2  interest, and attorney fees and costs.  Given the size of the class, and the allegations
3  of the Complaint, the amount-in-controversy exceeds $5,000,000.

4  16.  Specifically, for the Overtime Class, Equity Residential's good faith and
5  reasonable review of its 2017 employment files for Plaintiff Vizza reveals that, for
6  the Incentive Pay compensation he alleges he received during the February 5 to
7  February 18, 2017 pay period (See Exhibit 2, Complaint ¶ 10, 11), this amounts to a
8  reasonable estimate of $84.25 in additional overtime compensation assessed based on
9  the Incentive Pay's impact on his "regular rate of pay" for 2017.  Based on the four-
10 year statutory time period, Defendants identified the number of employees who
11 worked each year.  This breaks down as follows: 972 employees in 2014, 920
12 employees in 2015, 972 employees in 2016, 896 employees in 2017, and 963
13 employees in 2018.  In order to avoid duplication, the number of employees each
14 year was multiplied by the $84.25 amount identified based on Plaintiff Vizza's
15 allegations.  The result of this calculation is an amount-in-controversy of at least
16 $341,124.64 over the four-year statutory period, not including requested attorney
17 fees, costs or alleged prejudgment interest.[1]  Including 30 percent in attorney's fees
18 ($102,337.39), a reasonable assumption of the amount at issue for the Overtime Class
19 is **$443,462.03**.[2]

20 17.  The total number of exempt and nonexempt employees in the Wage
21 Statement Class during the statutory period is 1,204.  Equity Residential's good faith

---

[1] As of April 20, 2018, there are 16 total weeks at issue in 2018, which is 30 percent of a full year.  To account for the partial year, a reasonable assumption is to use 30 percent of the annual alleged amount ($84.25) which is $25.28.  Multiplied by the 963 employees for 2018, the alleged overtime damages for 2018 are $24,344.64, which is included in the above total.

[2] The 30 percent attorney fees benchmark rate for wage and hour class actions is appropriate for purposes of this removal.  See, e.g., Willner v. Manpower Inc., 2015 WL 3863625, at *7 (N.D. Cal. June 22, 2015) (awarding 30 percent of the common fund); Lusby v. GameStop Inc., 2015 WL 1501095, at *4 (N.D. Cal. Mar. 31, 2015) (awarding attorney's fees in the amount of 33 percent of the common fund and collecting cases regarding the same).

and reasonable review of its employment records reveals that there were 25 wage statements at issue for each putative class member in 2017 and 9 wage statements at issue for each putative class member in 2018 (as of April 20, 2018) for a total of 34 wage statements at issue since February 7, 2017. For the approximately 1,133 employees who worked in 2017, the total penalty alleged for the initial $50 violation under Labor Code section 226 is $56,650. For the remaining 33 pay periods, the total penalty alleged for the subsequent $100 violations is $3,738,900. For the approximately 71 employees who worked only in 2018 (who, based on Equity Residential's review of records, worked an average of 4 pay periods each), the total penalty alleged for the initial $50 violation is $3,550, and for the remaining 3 pay periods in 2018 the total penalty alleged for the subsequent $100 violations is $21,300. Plaintiff thus seeks $3,820,400 in damages for the Wage Statement Class during the statutory period. In total, including 30 percent in requested attorney's fees ($1,146,120), a reasonable assumption of the amount at issue for the Overtime Class is **$4,966,520**.

18. Moreover, Plaintiff seeks injunctive relief pursuant to the third cause of action for Unfair Competition, and references an alleged failure to pay all overtime wages as forming the basis of the request for injunctive relief. Complaint, ¶¶ 30-35. The cost of injunctive relief may be included to assess the amount in controversy for purposes of removal. *See, e.g., Molina v. Wells Fargo Bank, N.A.,* 2016 WL 11000053, at *2 (C.D. Cal. May 3, 2016). Solely for the purposes of determining the alleged amount in controversy, Plaintiff purportedly seeks an order from the Court that the historic alleged failures to pay all overtime owed be corrected (in the form of disgorgement of unpaid overtime) and that on a prospective basis, for the Court to order Equity Residential to cease and desist the supposedly unlawful overtime practices and to pay all overtime due. The alleged economic benefit to Plaintiff and the putative class for injunctive relief pursuant to the UCL claim is equal to at least the historic amount that is allegedly due to the Overtime Class, as described above.

Thus, the amount in controversy on Plaintiff's UCL claim is at least $341,124.64. Including 30 percent in attorney's fees ($102,337.39) which are alleged pursuant to Code Civ. Proc. sec. 1021.5 (Complaint ¶ 35), a reasonable assumption of the amount at issue for the UCL Class is **$443,462.03**.

19. Excluding all pre and post-judgment interest available to Plaintiff Vizza on all of his claims, the total amount-in-controversy for the Overtime Class (**$443,462.03**), Wage Statement Class (**$4,966,520**) and UCL Class (**$443,462.03**), is **$5,853,444.06**.³ Therefore, because Plaintiff Vizza seeks more than $5,000,000 in damages, this case satisfies CAFA's amount-in-controversy requirement. *See* 28 U.S.C. § 1332(d).

### D.  This notice of removal is timely.

20. 28 U.S.C. § 1446(b) requires removal within thirty days of a defendant's receipt of a "pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  If a defendant has not received some pleading or other paper that, on its face, would make the case removable, a defendant may remove at any point after it "discovers, based on its own investigation, that a case is removable." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F. 3d 1121, 1123 (9th Cir. 2013).

21. Neither Plaintiff's initial pleading nor any subsequent "pleading, motion, order or other paper" include direct allegations that would make the case removable. Rather, Equity Residential is removing based on its own investigation and reasonable assumptions for the allegations, which shows the amount in controversy exceeds $5,000,000, there is minimal diversity, and the number of putative class members exceeds 100.  Equity Residential's notice of removal is timely pursuant to 28 U.S.C. § 1446(b).

---

³ Equity Residential does not believe Plaintiff or his counsel are entitled damages, costs or fees in any amount, but includes reasonable estimates for purposes of CAFA analysis only.

22. Counsel for Equity Residential certifies that in accordance with 28 U.S.C. § 1446(d), copies of this Notice of Removal will be served on Plaintiff's counsel and filed with the clerk of the Los Angeles County Superior Court.

Dated: April 20, 2018                    **DUANE MORRIS LLP**

By: /s/ *James S. Brown*
    James S. Brown
    Nicholas J. Ferraro

Attorneys for Defendants
EQUITY RESIDENTIAL SERVICES, LLC
and EQUITY RESIDENTIAL SERVICES II, LLC