# Exhibit 2

Exhibit 2

12

**LIDMAN LAW, APC**
Scott M. Lidman (SBN 199433)
slidman@lidmanlaw.com
Elizabeth Nguyen (SBN 238571)
enguyen@lidmanlaw.com
222 N. Sepulveda Blvd., Suite 1550
El Segundo, California 90245
Tel: (424) 322-4772
Fax: (424) 322-4775

Attorneys for Plaintiff

**HAINES LAW GROUP, APC**
Paul K. Haines (SBN 248226)
phaines@haineslawgroup.com
Tuvia Korobkin (SBN 268066)
tkorobkin@haineslawgroup.com
222 N. Sepulveda Blvd., Suite 1550
El Segundo, California 90245
Tel: (424) 292-2350
Fax: (424) 292-2355

Attorneys for Plaintiff

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

FEB 07 2018

Sherri R. Carter, Executive Officer/Clerk
By: Marlon Gomez, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

BC 693215

| | |
|---|---|
| PETER VIZZA, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EQUITY RESIDENTIAL SERVICES II, LLC, a Delaware limited liability company; EQUITY RESIDENTIAL SERVICES, LLC, a Delaware limited liability company; and DOES 1 through 100,<br><br>Defendants. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT:**<br><br>(1) **FAILURE TO PAY ALL OVERTIME WAGES OWED (LABOR VODE §§ 204, 510, 558, 1194, 1198);**<br><br>(2) **FAILURE TO PROVIDE ACCURATE, ITEMIZED WAGE STATEMENTS (LABOR CODE § 226 *ET SEQ.*;** and<br><br>(3) **UNFAIR COMPETITION (BUS & PROF CODE § 17200 *et seq.*)**<br><br>**DEMAND FOR JURY TRIAL**<br>**UNLIMITED CIVIL CASE** |

Exhibit 2

CLASS ACTION COMPLAINT
13

1  Plaintiff Peter Vizza ("Plaintiff"), on behalf of himself and all others similarly situated,
2  hereby brings this Class Action Complaint ("Complaint") against Equity Residential Services II,
3  LLC, a Delaware limited liability company, Equity Residential Services, LLC, a Delaware limited
4  liability company, and DOES 1 to 100, inclusive (collectively "Defendants"), and on information
5  and belief alleges as follows:

## JURISDICTION

6
7  1.  Plaintiff, on behalf of himself and all others similarly situated, hereby brings this
8  Complaint for recovery of unpaid wages and penalties under California Business & Professions
9  Code § 17200 *et. seq.*, Labor Code §§ 204, 226 *et seq.*, 510, 558, 1194, and 1198, and Industrial
10 Welfare Commission Wage Order 5 ("Wage Order 5"), in addition to seeking declaratory relief
11 and restitution. This Complaint is brought pursuant to California Code of Civil Procedure § 382.
12 This Court has jurisdiction over Defendants' violations of the California Labor Code because the
13 amount in controversy exceeds this Court's jurisdictional minimum.

## VENUE

14
15 2.  Venue is proper in this judicial district pursuant to Cal. Code of Civ. Proc. §§
16 395(a) and 395.5, as at least some of the acts and omissions complained of herein occurred in the
17 County of Los Angeles.  Defendants own, maintain offices, transact business, have agent(s)
18 within the County of Los Angeles, and/or otherwise are found within the County of Los Angeles,
19 and Defendants are within the jurisdiction of this Court for purposes of service of process.

## PARTIES

20
21 3.  Plaintiff is an individual over the age of eighteen (18). At all relevant times herein,
22 Plaintiff was and currently is, a California resident. During the four years immediately preceding
23 the filing of the Complaint in this action and within the statute of limitations periods applicable
24 to each cause of action pled herein, Plaintiff was employed by Defendants as a non-exempt
25 employee. Plaintiff was, and is, a victim of Defendants' policies and/or practices complained of
26 herein, lost money and/or property, and has been deprived of the rights guaranteed by Labor Code
27 §§ 204, 226 *et seq.*, 510, 558, 1194, and 1198; California Business & Professions Code § 17200
28 *et seq.* ("Unfair Competition Law"); and Wage Order 5, which sets employment standards for the

Exhibit 2
14        2
CLASS ACTION COMPLAINT

1  public housekeeping industry, which includes the industry in which Plaintiff worked for
2  Defendants.

3  4.  Plaintiff is informed and believes, and based thereon alleges, that during the four
4  years preceding the filing of the Complaint and continuing to the present, Defendants did (and
5  continue to do) business by acquiring, developing and managing apartment complexes throughout
6  the United States, including throughout the greater Los Angeles area in California. Defendants
7  employed Plaintiff and other, similarly-situated non-exempt employees within, among other
8  counties, Los Angeles County and the state of California and, therefore, were (and are) doing
9  business in Los Angeles County and the State of California.

10  5.  Plaintiff does not know the true names or capacities, whether individual, partner,
11  or corporate, of the defendants sued herein as DOES 1 to 100, inclusive, and for that reason, said
12  defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to
13  amend this Complaint when such true names and capacities are discovered. Plaintiff is informed,
14  and believes, and based thereon alleges, that each of said fictitious defendants, whether individual,
15  partners, or corporate, were responsible in some manner for the acts and omissions alleged herein,
16  and proximately caused Plaintiff and the Classes (as defined in Paragraph 13) to be subject to the
17  unlawful employment practices, wrongs, injuries and damages complained of herein.

18  6.  Plaintiff is informed, and believes, and thereon alleges, that at all times mentioned
19  herein, Defendants were and are the employers of Plaintiff and all members of the Classes.

20  7.  At all times herein mentioned, each of said Defendants participated in the doing
21  of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the
22  Defendants, and each of them, were the agents, servants, and employees of each and every one of
23  the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned
24  were acting within the course and scope of said agency and employment. Defendants, and each
25  of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or
26  omissions complained of herein.

27  8.  At all times mentioned herein, Defendants, and each of them, were members of
28  and engaged in a joint venture, partnership, and common enterprise, and acting within the course

Exhibit 2
15    3
CLASS ACTION COMPLAINT

1  and scope of and in pursuance of said joint venture, partnership, and common enterprise. Further,
2  Plaintiff alleges that all Defendants were joint employers for all purposes of Plaintiff and all
3  members of the Classes.

## GENERAL FACTUAL ALLEGATIONS

5  9.  Defendants acquire, develop and manage apartment complexes throughout the United States, including operating over 50 in the greater Los Angeles area. Plaintiff was employed by Defendants as a non-exempt employee from approximately 1996 through the present; although his last day actually worked was in or around June 2017 when he commenced a medical leave of absence. Plaintiff's most recent position held was at Defendants' Valencia apartment complex as a non-exempt Service Manager, with responsibility for leading all aspects of the property's hands-on maintenance, including overall inspection, repairs and scheduled maintenance of apartments and other interior/exterior areas.

13  10.  Throughout Plaintiff's employment with Defendants, Plaintiff and other non-exempt employees would receive an annual, non-discretionary bonus as well as other non-discretionary monetary awards from Defendants, and other forms of non-discretionary pay (hereinafter the aforementioned forms of pay are collectively referred to as "Incentive Pay"). For example, for the pay period beginning February 5, 2017 and ending February 18, 2017, Plaintiff received Incentive Pay in the form of a "Performance Bonus."

19  11.  During his employment with Defendants, Plaintiff often worked shifts in excess of 8.0 hours in a day and 40.0 hours in a week. Furthermore, the Incentive Pay Plaintiff received during his employment was earned over pay periods during which Plaintiff worked these shifts in excess of 8.0 hours in a day and 40.0 hours in a week. However, Defendants failed to properly include the Incentive Pay in their calculation of the regular rate of pay for purposes of paying Plaintiff overtime wages. As a result, Plaintiff was not properly paid all of his required overtime wages.

26  12.  As a result of Defendants' failure to pay all overtime wages owed, Defendants failed to provide Plaintiff with accurate, itemized wage statements. Additionally, when Defendants paid Plaintiff Incentive Pay, Defendants did not include the number of hours over

Exhibit 2
16   4
CLASS ACTION COMPLAINT

which it was earned, nor when they did for certain bonuses pay some sort of overtime, did they identify the rates of pay at which it was being paid. For example, for the pay period beginning February 5, 2017 and ending February 18, 2017, Plaintiff received Incentive Pay in the form of a "Transition Bonus" and also received "Transition OT" in the amount of $51.19. However, on that wage statement called a "Payslip," Defendants failed to list the number of hours worked to earn the Transition OT, and also failed to list the hourly rate at which it was being paid, in violation of California Labor Code § 226(a)(9).

13. Furthermore, Defendants furnished to Plaintiff at the time they paid him his wages, a paystub which identified "Equity Residential" as Plaintiff's employer. This was inaccurate, however, as the name of the legal entity of record which employed Plaintiff was in fact "Equity Residential Services, LLC" and/or "Equity Residential Services II, LLC." Plaintiff's wage statements were, therefore, inaccurate for this independent reason, in violation of California Labor Code § 226(a)(8).

## CLASS ACTION ALLEGATIONS

14. **Class Definitions**: Plaintiff brings this action on behalf of himself and the following Classes pursuant to § 382 of the Code of Civil Procedure:

   a. The <u>Overtime Class</u> consists of all of Defendants' current and former non-exempt employees in California who worked in excess of 8 hours in a work day and/or in excess of 40 hours in a work week and received Incentive Pay, during the four years preceding the filing of the Complaint through the present.

   b. The <u>Wage Statement Class</u> consists of all of: (i) Defendants' current and former employees in California who received a wage statement which identified the employer as "Equity Residential"; (ii) Defendants' current and former employees in California who received a wage statement which paid overtime wages but did not list the hours worked and/or the hourly rates at which is was being paid; and/or (iii) members of the Overtime Class, during the one year immediately preceding the filing of the Complaint through the present.

Exhibit 2

17   5

CLASS ACTION COMPLAINT

1  c.  The UCL Class consists of members of the: (i) Overtime Class; and/or (ii) Wage Statement Class, during the four years immediately preceding the filing of the Complaint through the present

15. Plaintiff reserves the right under Rule 3.765(b) of the California Rules of Court, to amend or modify the description of the various classes with greater specificity or further division into subclasses or limitation to particular issues.

16. **Numerosity/Ascertainability**: The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the Classes is unknown to Plaintiff at this time; however, it is estimated that the members of the Classes could exceed one hundred (100) individuals. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

17. **Common Questions of Law and Fact Predominate/Well Defined Community of Interest**: There are common questions of law and fact as to Plaintiff and all other similarly situated employees, which predominate over questions affecting only individual members. Those common questions include, without limitation:

i.  Whether Defendants properly paid all overtime wages at the regular rate to members of the Overtime Class pursuant to Labor Code §§ 204, 510, 558, 1194 and 1198;

ii.  Whether Defendants provided accurate, itemized wage statements to members of the Overtime and Wage Statement Classes, pursuant to Labor Code § 226; and

iii.  Whether Defendants engaged in unlawful, unfair, illegal, and/or deceptive business practices by and through the wage and hour policies and practices described above, and whether as a result Defendants owe the classes restitution.

18. **Predominance of Common Questions**: Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, such as Defendants' uniform overtime wage payment, and wage statement policies/practices. As such, the common questions

Exhibit 2
18   6
CLASS ACTION COMPLAINT

predominate over individual questions concerning each individual class member's showing as to their eligibility for recovery or as to the amount of their damages.

19. **Typicality**: The claims of Plaintiff are typical of the claims of the Classes because Plaintiff was employed by Defendants as a non-exempt employee in California during the statute(s) of limitations period applicable to each cause of action pled in the Complaint. As alleged herein, Plaintiff, like the members of the Classes, was not provided all legally required overtime wages, and was not provided with accurate, itemized wage statements.

20. **Adequacy of Representation**: Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's attorneys are ready, willing and able to fully and adequately represent the members of the Classes and Plaintiff. Plaintiff's attorneys have prosecuted and defended numerous wage-and-hour class actions in state and federal courts in the past and are committed to vigorously prosecuting this action on behalf of the members of the Classes.

21. **Superiority**: The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Moreover, requiring each member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual class members, even

Exhibit 2
19    7
CLASS ACTION COMPLAINT

if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto. As such, the Classes identified in Paragraph 13 are maintainable as a Class under § 382 of the Code of Civil Procedure.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY ALL OVERTIME WAGES

### (AGAINST ALL DEFENDANTS)

22. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

23. This cause of action is brought pursuant to Labor Code §§ 204, 510, 558, 1194 and 1198 which provide that all non-exempt employees are entitled to all overtime wages for all overtime worked (hours in excess of 8 in one day and/or 40 in one week), and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.

24. At all times relevant herein, Defendants were required to properly compensate Plaintiff and the members of the Overtime Class for all overtime hours worked pursuant to California Labor Code §§ 510 and 1194, and Wage Order 5. Labor Code § 510 and Wage Order 5, Section 3 require an employer to pay an employee "one and one-half (1½) times the regular rate of pay" for work in excess of 8 hours per workday and/or in excess of 40 hours per workweek. Labor Code § 510 and Wage Order 5, Section 3 also require an employer to pay an employee double the employee's regular rate for work in excess of 12 hours each workday and/or in excess of 8 hours on the seventh consecutive day of work in the workweek. Defendants caused Plaintiff and the members of the Overtime Class to work in excess of 8 hours in a workday and/or 40 hours in a workweek but did not properly compensate Plaintiff and the members of the Overtime Class

Exhibit 2
20     8

1 at one and one-half their regular rate of pay for such hours. Defendants also caused Plaintiff and
2 the members of the Overtime Class to work in excess of 12 hours in a workday but did not
3 properly compensate Plaintiff and the members of the Overtime Class at double their regular rate
4 of pay for such hours.

5   25.   The foregoing practices and policies are unlawful and create entitlement to
6 recovery by Plaintiff and the members of the Overtime Class in a civil action for the unpaid
7 amount of overtime premium owing, including interest thereon, as well as statutory penalties,
8 civil penalties, and attorneys' fees and costs of suit, pursuant to Labor Code §§ 204, 218.5, 218.6,
9 510, 558, 1194 and 1198, Wage Order 5, California Code of Civil Procedure § 1021.5 California
10 Code of Civil Procedure § 1021.5, and Civil Code §§ 3287(b) and 3289.

## SECOND CAUSE OF ACTION
## FAILURE TO PROVIDE ACCURATE, ITEMIZED WAGE STATEMENTS
## (AGAINST ALL DEFENDANTS)

26.   Plaintiff re-alleges and incorporates by reference all previous paragraphs.

27.   Plaintiff is informed and believes, and based thereon alleges, that Defendants knowingly and intentionally, as a matter of uniform practice and policy, failed to furnish Plaintiff and the Wage Statement Class Members with accurate, itemized wage statements that included among other requirements, accurate total gross wages earned, the legal name of the entity who employed them, and all applicable hourly rates and rates of pay, in violation of Labor Code §226 *et seq.*

28.   Defendants' failure to furnish Plaintiff and the members of the Wage Statement Class with complete and accurate, itemized wage statements resulted in actual injury, as said failures led to, among other things, the non-payment of all of overtime wages earned, and deprived them of the information necessary to identify discrepancies in Defendants' reported data.

29.   Defendants' failures created an entitlement to Plaintiff and members of the Wage Statement Class in a civil action for damages and/or penalties pursuant to Labor Code § 226, including statutory penalties civil penalties, reasonable attorneys' fees, and costs according to suit pursuant to Labor Code § 226 *et seq.*

Exhibit 2
21     9

CLASS ACTION COMPLAINT

## THIRD CAUSE OF ACTION
## UNFAIR COMPETITION
## (AGAINST ALL DEFENDANTS)

30. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

31. Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200 *et seq.*, by failing to pay all overtime wages owed, and failing to provide accurate itemized wage statements.

32. Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiff and continues to deprive members of the Classes of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

33. Because Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiff for himself and on behalf of the members of the Classes, seeks full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

34. The acts complained of herein occurred within the last four years immediately preceding the filing of the Complaint in this action.

35. Plaintiff was compelled to retain the services of counsel to file this court action to protect his interests and those of the Classes, to obtain restitution and injunctive relief on behalf of Defendants' current non-exempt employees, and to enforce important rights affecting the public interest. Plaintiff has thereby incurred the financial burden of attorneys' fees and costs, which he is entitled to recover under Code of Civil Procedure § 1021.5.

## PRAYER

WHEREFORE, Plaintiff prays for judgment for himself and for all others on whose behalf this suit is brought against Defendants, as follows:

1. For an order certifying the proposed Classes;

Exhibit 2
22   10
CLASS ACTION COMPLAINT

2. For an order appointing Plaintiff as representative of the Classes;

3. For an order appointing Counsel for Plaintiff as Counsel for the Classes;

4. Upon the First Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 204, 510, 558, 1194 and 1198;

5. Upon the Second Cause of Action, for penalties pursuant to Labor § 226;

6. Upon the Third Cause of Action, for restitution to Plaintiff and members of the Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*;

7. Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

8. On all causes of action, for attorneys' fees and costs as provided by Labor Code § 218.5 and Code of Civil Procedure § 1021.5 and all other applicable statutes; and

9. For such other and further relief the Court may deem just and proper.

Dated: February __, 2018

Respectfully submitted,
LIDMAN LAW, APC

By: _____
Scott M. Lidman
Attorneys for Plaintiff
PETER VIZZA

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

Dated: February __, 2018

Respectfully submitted,
LIDMAN LAW, APC

By: _____
Scott M. Lidman
Attorneys for Plaintiff
PETER VIZZA

Exhibit 2   11